SCOTT THOMPSON
v.
MARYLOU BERRYHILL
No. 08-1227.
Court of Appeals of Louisiana, Third Circuit.
April 1, 2009.
SCOTT M. THOMPSON, Pro Se Plaintiff/Appellee.
RICHARD D. MERE, Counsel for Defendant/Appellee. Marylou Berryhill
Court composed of SAUNDERS, SULLIVAN, and GENOVESE, Judges.
GENOVESE, Judge.
On May 31, 2007, a "Motion For Relief" was filed by the Plaintiff, Scott Thompson, in proper person, against the Defendant, Marylou Berryhill, wherein Mr. Thompson alleged that Ms. Berryhill vandalized his property (a mobile home) by installing, without his authorization, a hasp and padlock on the front door of his mobile home.[1] Mr. Thompson requested "reimburse[ment for] the full replacement cost of said mobile home front door, including the labor cost of installing the replacement door." Ms. Berryhill filed an answer on June 28, 2007, denying Mr. Thompson's allegations.
The trial court heard testimony in this matter on September 24, 2007, and January 28, 2008. Mr. Thompson offered the testimony of Mark Crappell to substantiate his allegation that Ms. Berryhill installed the hasp and padlock; however, counsel for Ms. Berryhill elicited testimony from Mr. Thompson which revealed that Mr. Thompson was not the owner of the mobile home at issue herein. In fact, Mr. Thompson admitted that in December of 2004, while incarcerated, he donated a certain piece of land to Ms. Berryhill's daughter, Susan Molinari, Mr. Thompson's girlfriend at the time, so that she could obtain a property bond in order to bond him out of jail. The testimony further indicates that in early 2005, Ms. Molinari sold a portion of the property, along with the home situated thereon, to Gerald Crappell. According to Mr. Thompson, most of the proceeds from the sale went towards paying off the mortgage and purchasing the mobile home at issue herein. The facts in this case are not readily discernable as there is considerable overlapping with the number of other lawsuits filed by this Plaintiff against numerous Defendants.[2]
At the conclusion of the presentation of Mr. Thompson's case, counsel for Ms. Berryhill orally motioned for an involuntary dismissal on the basis that Mr. Thompson did not have a claim for damages against Ms. Berryhill relative to a mobile home that he did not actually own. The trial court ruled: "As to the . . . case on the damage, I don't find that there is enough evidence to carry on with that[.] I will dismiss that case at the cost of the [P]laintiff." A judgment to that effect was signed by the trial court on February 6, 2008.
In his appeal, Mr. Thompson essentially re-argues the merits of his case. However, our appellate review is specific to the question of whether the trial court was clearly wrong, or manifestly erroneous, in its decision to grant an involuntary dismissal. See Koonce v. Dousay, 06-1498 (La.App. 3 Cir. 3/7/07), 952 So.2d 893.
"The trial court is granted much discretion in determining whether to grant an involuntary dismissal." Boone v. Reese, 04-979, p. 5 (La.App. 3 Cir. 12/8/04), 889 So.2d 435, 438 (citing Kite v. Carter, 03-378 (La.App. 3 Cir. 10/1/03), 856 So.2d 1271). If after considering and weighing the plaintiff's evidence, the trial court determines that the plaintiff has not met his burden of proof, it must dismiss the plaintiff's case. Gauthier v. City of New Iberia, 06-341 (La.App. 3 Cir. 9/27/06), 940 So.2d 915. "The trial court's grant of an involuntary dismissal is subject to the well-settled manifest error standard of review." Id. at 918.
Id. at 895-96.
By his own admission: 1) Mr. Thompson effectuated a donation of his property to Ms. Molinari; 2) roughly half of the donated property, which included a home thereon, was sold by Ms. Molinari to Mr. Crappell with Mr. Thompson's knowledge and consent; and, 3) the net proceeds from the sale of that property were used to purchase the mobile home at issue herein. The evidence in the record indicates that Ms. Molinari used her funds from the sale of the property donated to her to purchase the mobile home. Under that set of facts, Mr. Thompson would have no claim to ownership of the mobile home and, therefore, no claim for damage thereto.
Additionally, the bill of sale for the mobile home was accepted into evidence at the trial of this matter. Said bill of sale does, in fact, contain the names and signatures of both Mr. Thompson and Ms. Molinari; however, even assuming arguendo that Mr. Thompson owns a one-half ownership interest in the mobile home, he still fails to prove his claim that Ms. Berryhill's installation of the hasp and padlock was without authority and was, therefore, vandalism. Louisiana Civil Code Article 800 provides: "A co-owner may without the concurrence of any other co-owner take necessary steps for the preservation of the thing that is held in indivision." Even as a co-owner, Ms. Molinari has a duty to preserve the mobile home. We do not find manifest error in the trial court's conclusion that Ms. Berryhill, on behalf of her daughter, was preserving the mobile home by installing a hasp and padlock onto the door of the mobile home. We likewise find no manifest error in the trial court's ruling that Mr. Thompson failed to prove, by a preponderance of the evidence, his claims against Ms. Berryhill.

DECREE
For the foregoing reasons, we affirm the judgment of the trial court. All costs of these proceedings are assessed against the Plaintiff, Scott Thompson.
AFFIRMED.
NOTES
[1] Both at the time that Ms. Berryhill allegedly installed the hasp and padlock and at the time of the trial, Mr. Thompson was incarcerated.
[2] In addition to this suit filed in Docket No. 72106-F, Mr. Thompson has filed suits against Ms. Molinari, et al., in Docket Nos. 72181-A, 72177-D, 72179-B, 72180-E, 72107-F, and 72178-F. However, the only case forming the basis of this appeal is Docket No. 72106-F.